BAKER, JUDGE:
Between 1:00 a.m. and 2:00 a.m. on August 23, 1989, as rain and fog surrounded the Fairmont area, claimant was returning from work on State Route 73/73 (Bridgeport Road), Harrison County, when his 1984 Chevrolet El Camino hydroplaned on standing water and struck a bridge abutment. Fortunately claimant was not injured. However, his vehicle was a total loss. Its value has been stipulated as $5,000.00 for which this claim is made.
Claimant contends that a culvert in the area was inadequately maintained, thereby *131 permitting water to accumulate on the road surface. Claimant had driven through the accident site on his way to work, some ten hours earlier, and had not obsérved or encountered standing water. He did however testify that it was raining all day. He further testified that at the time of the incident his headlight vision was no more than 35 to 40 feet and his speed was 38 miles per hour. No accident report was filed or corroboration of these events provided.
Respondent did send claimant a bill for damage to a traffic counter, allegedly destroyed when claimant struck the bridge abutment.
Claimant had been traveling the road almost twice a day one year prior to his accident, but he had never before seen water on the road at the site of the accident.
A witness for claimant testified that he had hydroplaned on standing water within the area of claimant's accident, on the same morning. He noticed a vehicle near the bridge abutment but did not stop. He later learned that claimant owned the vehicle and was informed of claimant's accident.
A second witness for claimant also encountered the water. He testified that he observed that water would accumulate on the road surface in the winter months after a rainfall. He further testified that he had not informed respondent of his concerns with this road condition. However this accident occurred in late summer.
Respondent avers neither knowledge of the water hazard nor notice of same. Respondent witness, an area maintenance manager, testified that water was not known to accumulate or pool within the accident site, and that routine maintenance including inspection and culvert cleaning had been performed in November of 1988, and again in July of 1989.
The law in such matters is consistent and well settled. The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). For the respondent to be liable for the damages caused by the standing water, claimant must prove that respondent had actual or constructive notice of the existence of the defect and a reasonable amount of time to correct it. Davis v. Department of Highways, 11 Ct. Cl. 150, 1976). The evidence indicated that there was no advance warning of any problems with standing water in the area and that respondent acted promptly upon notification of the condition. Testimony by claimant relating his speed under inclement weather conditions further suggests to this Court that the accident may have been prevented had he observed a lower speed. Accordingly, the Court is of the opinion to and does disallow this claim.
Claim disallowed.